IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN JIMENEZ, #1393676, | § | |
| Petitioner,[1] | § | |
| | § | |
| v. | § | 3:11-CV-0697-B (BK) |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a Texas state inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be denied.

### I.  BACKGROUND

In 2006, a jury found Petitioner guilty of aggravated robbery and sentenced him to sixty-five years' imprisonment. *State v. Jimenez*, No. F04-54039-MI (Criminal District Court No. 2, Dallas County, Sep. 7, 2006). The state court of appeals affirmed the conviction. *Jimenez v. State*, No. 05-06-01374-CR, 2008 WL 663451 (Tex. App. – Dallas 2008, no pet.) (unpublished). The following facts of the offense were reported in the state appellate court opinion:

> The complainant in this case identified appellant as one of two men in white t-shirts who robbed him at gunpoint in his apartment complex parking lot as he was returning home from a nightclub. He specifically recalled appellant as the assailant who threatened him with a revolver during the robbery. After the robbers left the parking lot in a black Ford Mustang, the complainant walked back to the nightclub, where he had seen police officers. As he was reporting the

---

[1] Petitioner is also known as Juan Fraire Jimenez and Jesus Fraire Jimenez.

> robbery to the officers, a black Mustang pulled up nearby. Three men got out and changed from white t-shirts into black shirts. Complainant identified two of the men as the ones who had robbed him.
>
> At that time, the officers arrested all three men – appellant, his brother, and a friend. One of the officers testified that, while he was being handcuffed, appellant said there was a .45 caliber handgun under the Mustang's passenger-side floorboard. The officer found a gun matching that description in that spot. In addition, the officer who transported appellant to the jail testified that appellant told him he would "beat" the case.
>
> At trial, appellant admitted being with his brother and the friend the night of the robbery. He contended, however, that he could not remember whether he robbed the complainant because he was too intoxicated from alcohol and marijuana that night. He did not deny committing the robbery but merely claimed he was too intoxicated to remember whether he had. He admitted he had previously been convicted of the felony offense of false imprisonment. Both the officer who arrested appellant and the officer who transported him to the jail testified that they did not smell marijuana or alcohol on appellant the night of his arrest.
>
> Appellant's brother also testified for the defense. He claimed that although appellant had been with him and the friend when they committed the robbery, appellant had been passed out drunk in the back seat of the Mustang when the robbery occurred. The brother admitted he had already been convicted and sentenced for the robbery and had nothing to lose by claiming appellant was innocent of the offense. The State also admitted into evidence a written statement and transcribed previous court testimony by the brother in which he said that appellant had participated in the robbery.

*Jimenez v. State*, 2008 WL 663451 at *1.

Although Petitioner did not file a petition for discretionary review, he later submitted a state habeas application, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court. *Ex parte Jimenez*, No. WR-75,534-01, Event ID 2438778, at cover.

Subsequently, Petitioner filed this timely federal habeas petition challenging his conviction on the basis of ineffective assistance of counsel at trial. (Doc. 2. at 8-12) Respondent

contends the petition lacks merit. (Doc. 13.) Petitioner has filed a reply. (Doc. 9.)[2]

## II. DISCUSSION

**A.    Merits Review**

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), precludes habeas corpus relief unless the state court's adjudication on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

This Court's inquiry under section 2254(d) is limited to whether the state court's application of Supreme Court precedent was unreasonable. "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 785 (2011) (quoted case omitted). In addition, the "state court must be granted a deference and latitude that are not in operation when the case involves review under the . . . standard itself." *Id.* Thus, "[u]nder § 2254(d), a habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.* at 786.

---

[2] "SHCR," followed by the page number, refers to the State Habeas Clerk's Record in No. WR-75,534-01, Event ID 2438778. "CR," followed by the page number, refers to the Clerk's Record on Appeal. "RR," followed by the volume number and then the page number, refers to the Reporters Record on Appeal.

   1.     **Ineffective Assistance of Counsel at Trial**

Under the AEDPA, the Court reviews Petitioner's ineffective assistance of counsel claims under a "doubly deferential" standard. *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1403 (2011). The Court "take[s] a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen*, 131 S. Ct. at 1403 (quoted cases omitted). Under section 2254(d)(1) deference, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S. Ct. at 785.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his counsel's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," or that under the circumstances, the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Pinholster*, 131 S. Ct. at 1403 (quoting *Richter*, 562 U.S. at ___, 131 S. Ct. at 791). Courts must focus on whether "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529

U.S. 362, 393 n. 17 (2000) (citations and internal quotation marks omitted). Conclusory assertions of prejudice are insufficient. *Green v. Johnson,* 160 F.3d 1029, 1041 (5th Cir. 1998).

  (a) <u>Waiver of hearing on Motion to Suppress</u>

Petitioner asserts his trial counsel, Dennis Jones, was ineffective because he "waived a hearing . . . on whether the evidence was admissible." (Doc. 2 at 8; Doc. 3 at 10.) Although counsel filed a pretrial motion to suppress guns and the contents of the vehicle, he did not request a hearing until after the State closed its case in chief and the allegedly inadmissible evidence had been presented to the jury – specifically, when the State questioned the arresting police officer about guns that were the subject of the suppression motion. (RR 2:9-10; 4:76-77.) The state habeas court denied relief, concluding Petitioner "failed to show how counsel's failure to obtain a ruling on the motion to suppress until after the State presented its case-in-chief harmed or prejudiced him or that the motion would have been successful." (SHCR at 80-81.)

Petitioner's filings fail to identify any basis to suppress the handguns discovered by the police at the time of his arrest. (Doc. 13 at 13.) Nor does Petitioner suggest that Officer Castro's discovery of the handguns was improper. When Officer Castro approached the car and ordered Petitioner to step out, he noticed one of the handguns in plain view on the driver seat. (RR 3:69.) Petitioner then voluntary advised Officer Castro that a second gun was underneath the passenger's seat on the floorboard. (RR 3:73.) Under these circumstances, a motion to suppress would not have been successful. Therefore, even assuming counsel's failure to request a hearing was deficient, Petitioner cannot establish that he was prejudiced as a result of counsel's performance. Petitioner cannot show that the state habeas court's decision rejecting his claim was contrary to or an unreasonable application of clearly established federal law. Accordingly,

his first claim fails.

      (b) <u>Failure to Investigate and Call Co-defendant to testify</u>

Petitioner asserts Jones failed to investigate and call co-defendant Christian Cortez to testify at trial that only Cortez and Tomaz Jimenez (Petitioner's brother) had committed the robbery. The state habeas court denied this ground. (SHCR at 81.)

> Applicant has failed to show that counsel's presentation of his co-defendants' (a brother and a friend) testimony would have been beneficial. The Court of Appeals' opinion mentions that one co-defendant (Applicant's brother) testified that Applicant was passed out in the back seat of the car during the robbery. The State, however, presented sworn testimony from the brother's prior hearings, wherein he implicated Applicant in the offense. According to Jones' affidavit, the friend had also given a statement implicating Applicant in the offense and Applicant did not request that Jones present the friend's testimony at Applicant's trial.

*Id.*

Petitioner has presented no evidence that Cortez was available and willing to testify, and that his testimony would have been favorable. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) ("'[T]o demonstrate the requisite *Strickland* prejudice, [a habeas petitioner] must show not only that [the] testimony would have been favorable, but also that the witness[es] would have testified at trial.'") (quoting *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)). At trial, Petitioner acknowledged that he did not wish to call any other witness to testify. (SHCR 84; RR 4:47-48.) Moreover, his trial counsel did not believe that Cortez's testimony would be favorable since Cortez and Tomaz Jimenez had implicated Petitioner during their respective guilty plea proceedings. (SHCR 84.) Petitioner cannot establish that the state habeas court's decision was contrary to or an unreasonable application of clearly established federal law. *See Rabe v. Thaler*, 649 F.3d 305, 309-10 (5th Cir. 2011) (state court reasonably determined that trial counsel was

not ineffective for failing to subpoena or secure presence of alibi witness at trial; petitioner produced no evidence that alibi witness was in fact able or willing to testify at trial, or even that trial counsel did not attempt to contact or subpoena witness as counsel claimed in his affidavit). Accordingly, the second claim fails.

    (c) <u>Failure to Inform Petitioner of a Plea Offer</u>

    In his third ground, Petitioner asserts Jones failed to inform him of a 25-year plea offer, which was noted on a court "pass slip" as "25 TDC." (SHCR at 56; CR at 111.) Relying on Jones' affidavit, the state habeas court found that Petitioner "failed to prove that there was ever a plea bargain offer for 25 years. Jones indicates that there was never any such offer communicated to him other than an offer of 40 years which [Petitioner] rejected." (SHCR at 81, 84.) In a supplemental affidavit, obtained as a result of the continued diligence of Respondent's counsel, Jones now concedes that he was mistaken in advising the state court that a 25-year plea offer had not been made. (Doc. 13, Exh. B at 1.) While his common practice would have been to convey all plea offers to Petitioner, Jones neither recalls the 25-year plea offer, nor does he have any written document confirming that he conveyed it to Petitioner in writing as it was customary for him to do. *Id.* at 2. He states, however, that "there [was] no reason for [him] not to have" conveyed the 25-year plea offer to Petitioner. *Id.*

    "[O]ne of the most precious applications of the Sixth Amendment may well be in affording counsel to advise a defendant concerning whether he should enter a plea of guilty." *United States v. Grammas,* 376 F.3d 433, 436 (5th Cir. 2004) (internal quotation marks and citation omitted). "[F]ailing to inform the defendant of a plea offer could amount to ineffective

assistance of counsel." *Teague v. Scott,* 60 F.3d 1167, 1171 (5th Cir. 1995). "In determining whether or not to plead guilty, the defendant should be made aware of the relevant circumstances and likely consequences so that he can make an intelligent choice." *Id.* at 1170 (cited cases omitted).

In this case, even if defense counsel was constitutionally deficient in failing to advise Petitioner of the 25-year plea offer, Petitioner cannot demonstrate prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (extending two-prong *Strickland* analysis to ineffective-assistance claims arising during the plea process). "To establish prejudice under *Hill*, a petitioner must show a reasonable probability that, absent counsel's ineffectiveness, he would have changed his plea" and "would have accepted the [25]-year plea offer." *Arnold v. Thaler*, 630 F.3d 367, 370-371, 372 (5th Cir. 2011) (*per curiam*). A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Pinholster*, 131 S. Ct. at 1403 (quoting *Richter*, 562 U.S. at ___, 131 S. Ct. at 791).

In support of the prejudice prong, Petitioner merely states that "had he known about this [the 25-year plea] offer, he would have taken it." (Doc. 2 at 9; Doc. 3 at 11; *see also* Doc. 15 at 8.) He "contends that the prejudice is really quite obvious, based on the vast difference between a sentence of confinement for 25 years versus [the] 65 years" that he received. (Doc. 15 at 8.) He also asserts that "there is insufficient evidence [in the record] to show that he wouldn't have" accepted the 25-year plea offer. *Id.* at 9. He insists that his "refusal of the 40 year plea offer is not an indication of his unwillingness to accept a 25 year offer." *Id.*

Throughout his criminal proceedings, however, Petitioner steadfastly proclaimed his innocence, declining any type of plea offer and choosing instead to go to trial and take the stand. About one year before trial, he rejected the State's 40-year plea offer, firmly renewing his innocence claim in a letter to counsel: "I refuse your 40 years, you ask me to give you my participation of the crime I did not have anything to do, I d[id] not do nothing." (SHCR at 97.) Petitioner's letter persisted with his belief that he would not plead guilty, even though his two co-defendants had agreed to testify against him: "So . . . the D.A. has my [b]rother [and] Cortez against me[.] Ooh that scares me[.] You know and I know it's bullshit." *Id.*  Ultimately, despite evidence to the contrary, Petitioner "went to trial, took the stand, and steadfastly professed his innocence." *Gallo-Vasquez v. United States,* 402 F.3d 793, 798 (7th Cir. 2005). Even though the eye-witness had positively identified him as one of the assailants, and Petitioner had voluntarily advised the arresting officer about a second gun under the passenger's seat, Petitioner renewed his innocence claim at trial, testifying that he was so intoxicated the night of the robbery (as a result of drinking tequila and smoking marijuana) that he could not remember anything. (RR 3:20-23, 73, 103-119.)  His brother, Tomaz Jimenez, the only other defense witness, testified that Petitioner was not involved in the robbery because he was passed out in the back seat of the car as a result of being drunk and smoking marijuana.  (RR 4:7-8, 18-19.)

In light of Petitioner's "steadfast and unmoving claims of innocence," his self-serving, conclusory assertion that he would have accepted the 25-year plea is implausible. *Jones v. Wood*, 114 F.3d 1002, 1012 (9th Cir. 1997).  Courts have recognized that when a petitioner "[goes] to trial, [takes] the stand, and steadfastly professe[s] his innocence," he cannot establish a

reasonable probability that he would have accepted the plea. *See Gallo-Vasquez,* 402 F.3d at 798-99 (rejecting prejudice claim because petitioner asserted his innocence in letter to the trial court as well as at trial); *Jones*, 114 F.3d at 1012 (defendant could not show prejudice because it was "improbable that Jones would have accepted the offer in the face of his lawyer's correct assessment of the weakness of the State's case and Jones's own steadfast and unmoving claims of innocence"); *see also Smith v. United States,* 348 F.3d 545, 552 (6th Cir. 2003) (acknowledging that protestations of innocence are relevant in determining whether a petitioner would have accepted a plea); *Engelen v. United States,* 68 F.3d 238, 241 (8th Cir. 1995) (finding no prejudice because the record was barren of any evidence that petitioner would have acknowledged his guilt prior to trial).

      While Petitioner would clearly prefer a 25-year sentence in lieu of the 65-year sentence he ultimately received, his pretrial statements and personal beliefs, regarding his innocence, lead this Court to conclude that there was no reasonable probability that he would have accepted the 25-year plea offer. *See Lawler v. Ryan*, 2009 WL 4730735, 5 (D. Ariz. 2009) (finding no prejudice as a result of counsel's failure to advise petitioner of plea offer because petitioner went to trial, took the stand, and professed his innocence, and because prior to trial he never "expressed a desire to plead guilty," and instead "expressed a desire to go to trial"). In his supplemental affidavit, defense counsel recalls that "[f]rom the outset, [Petitioner] was obstinate in not taking any type of plea. He told [counsel] (repeatedly) that he had one felony case (maybe in Arizona/New Mexico) previously reversed on appeal." (Doc. 13, Exh. B at 2.) Petitioner also exhibited a demeanor "that he knew how to try a case better than [Mr. Jones] did; that he knew

more law than [Mr. Jones] did; and he was going to beat this." *Id.*

In addition, as Respondent notes, Petitioner has failed to present "objective evidence that there is a reasonable probability that, but for counsel's inadequate performance, he would have accepted the [25-year plea] offer." *See Paters v. United States*, 159 F.3d 1043, 1047 (7th Cir. 1998) (addressing issue in context of rejection of plea offer); *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991) (finding, in context of rejection of plea offer, that petitioner failed to establish prejudice because, *inter alia*, he "cite[d] no evidence to indicate that prior to his conviction he expressed any desire to plead guilty"); *see also United States v. Cunningham*, No. 3:01-CV-1160-R, 2002 WL 1896932, *4 (N.D. Tex. 2002). Petitioner's self-serving statements that he would have accepted the 25-year plea, standing alone, are insufficient to carry his burden. *Paters*, 159 F.3d at 1047. Nor does the discrepancy between the sentence he received and the sentence he would have received had he accepted the 25-year plea offer suffice to meet his burden. *Cunningham*, 2002 WL 1896932, *4 (declining to rely on hindsight and on fact that there was a difference between sentence received following trial and sentence defendant might have received upon guilty plea).

Petitioner cannot establish that the state habeas court's conclusion that counsel did not render constitutionally ineffective assistance of counsel was contrary to or an unreasonable application of clearly established federal law. (SHCR at 82.) Accordingly, his third claim fails.[3]

---

[3] The AEPDA's deferential standard of review applies only to claims adjudicated on the merits. *See* 28 U.S.C. § 2254(d). Because the state habeas court found counsel's representation adequate on the basis of Jones' affidavit, it did not make findings of fact on the issue of prejudice. (SHCR at 81.) The state habeas court, however, issued conclusions of law generally

(d) <u>Failure to Object to Prosecutor's Closing Argument</u>

Lastly, Petitioner faults defense counsel for failing to object to the prosecutor's closing arguments that vouched for the victim's credibility and that shifted the burden of proof to the defense. However, both arguments were proper and defense counsel was not required to make meritless objections. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness").

The state habeas court found the prosecutor's statement -- "the complainant in this case, Mr. Salazar, has absolutely no reason to lie to you" – to be "a reasonable deduction from the evidence." (RR 4:79; SHCR at 81.) Because Petitioner had questioned the complainant's story and his identification of the Petitioner, claiming he was in the backseat of the car during the robbery (RR 3:32-33; 4:7-8, 16, 83-84), it was proper for the prosecutor to comment on the complainant's credibility. *See Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988)

---

denying Petitioner's various claims of ineffective assistance of counsel under both *Strickland*'s prongs.
> Applicant has failed to prove that counsel rendered ineffective assistance of counsel. He has failed to show that counsel's representation fell below an objective standard of reasonableness and he has failed to show that, but for the alleged errors, the result of the proceeding would have differed."

(SHCR at 82.) It is, thus, unclear whether the state habeas court adjudicated on the merits the prejudice prong with regard to Petitioner's claims that counsel rendered ineffective assistance in failing to advise him of the 25-year plea offer. Nevertheless, for the reasons noted above, the prejudice prong would fail even if the Court were to examine it *de novo*. *See Rompilla v. Beard*, 545 U.S. 374, 390 (2005) (examining prejudice prong of *Strickland* test *de novo* because the state courts never reached the issue having found the representation adequate); *Pondexter v. Quarterman*, 537 F.3d 511, 522-523 (5th Cir. 2008) (examining prejudice prong *de novo* because not considered by state court as resolved in *Rompilla*).

(Texas case law permits prosecutors to summarize the evidence, draw reasonable deduction from the evidence, and respond to arguments of opposing counsel as part of "proper jury argument"). Likewise, as the state habeas court found, the prosecutor's comments that the defense had not fingerprinted the guns and that it had "equal subpoena power as the state" was a proper response "to defense counsel's argument that the State had not attempted to test the gun found in the car for fingerprints to determine who committed the offense." (SHCR at 81.)

Petitioner cannot show that the state habeas court's decision rejecting the above claims was contrary to or an unreasonable application of clearly established federal law. Therefore, his fourth and fifth grounds fail.

 4. Request for Evidentiary Hearing

Petitioner requests an evidentiary hearing. (Doc. 3 at 16; Doc. 15 at 2.) During his state habeas proceedings, however, the state habeas court afforded him a full and fair opportunity to develop and litigate his claims. Petitioner has presented this Court with no new evidence or factual theories supporting any of his claims that were unavailable to him, despite the exercise of due diligence, during his state habeas corpus proceeding. Likewise, Petitioner does not identify any new legal theories supporting his claims for relief herein that were unavailable at the time he filed and litigated his state habeas corpus claims. Under these circumstances, Petitioner is not entitled to a federal evidentiary hearing. 28 U.S.C. § 2254(e)(2).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED**.

SIGNED December 5, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE